UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

GIOVANNA MONET SINE,

        Plaintiff,                          Case No. 1:12-cv-344

v.                                               Honorable Robert J. Jonker

HARESH PANDYA et al.,

        Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendant Pandya. The Court will serve the complaint against Defendants Hammond, Schultz, Jones, Owen and Collier.

**Discussion**

    I.    <u>Factual allegations</u>

Plaintiff presently is incarcerated at the Bellamy Creek Correctional Facility but complains of events that occurred at "MRI Correctional Facility, Ionia," G. Robert Cotton Correctional Facility and Parnall Correctional Facility.[1] (Compl., docket #1, Page ID#4.) In his *pro se* complaint, Plaintiff sues Regional Medical Officer Haresh Pandya, Pyschologists/Psychiatrists Valerie Hammond, Alison Jones and Unknown Collier, and Nurses Donna Owen and Michelle Schultz.

Plaintiff, a male prisoner, complains that he was wrongly classified with a Gender Identity Disorder under Michigan Department of Corrections (MDOC) Policy Directive 04.06.184 (effective Dec. 20, 2010).[2] Plaintiff specifically alleges the following (verbatim):

> I have been subjected to long-term isolation, confinement, housed in protective custody for 23 hours of isolation, weight loss, anxiety, depression, harassment, cross-gender patdowns, sexual harassment, unnecessary strip searches, prurient viewing; shower and strip search incidents, discrimination against sex, gender identity, sexual orientation, disability, size and/or characteristics. The isolation and idleness of G.I.D combined with the squalor, poor hygiene, temperatures, sexual harassment, hate speech from civil servants and noise of extremely psychotic prisoners has created an environment 'toxic' to my physical and mental health, suicide thoughts, weight loss, anxiety-depression, hopelessness. From the beginning of my incarceration at RGC reception center in Jackson, M.I., I clearly insisted to all medical personnel like Psych. Mr. Collier, RN Michelle L. Schultz, RN Donna J. Owen, Psych. Allison Jones and Psych. Valerie Hammond, that I have been an entertainer, female impersonator, drag queen-show girl as a career/job that is a few hours on the weekends at bars and clubs in Las Vegas and Phoenix, AZ. Professional medical officials should know the difference between "Transgender/Transexual" and "Drag

---

[1] The MDOC does not list an "MRI Correctional Facility" in Ionia County. Because Plaintiff lists Defendant Valerie Hammond from Bellamy Creek Correctional Facility (IBC) in Ionia County, the Court assumes that Plaintiff is referring to IBC. *See* http://www.michigan.gov/corrections/0,4551,7-119-1381_1385---,00.html.

[2] Plaintiff is listed as a male prisoner on the Michigan Department of Corrections' website. *See* http://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=725312.

> queen/female impersonator." I have been classified as G.I.D., and forced to abide by the G.I.D. policy 04.06.184 along with its hurtful and harmful accommodations: bra, single-cell (isolation) - protective custody. I never participated in the creation of policy 04.06.184, I never asked for the imposements of the accommodations. Policy 04.06.184 states: "generally" single-cell housing. I do not struggle with a gender identity or role. I am a male in a man's prison. I do not have breasts nor am I on hormone therapy.

(Compl., docket #1, Page ID#4.)

Plaintiff requests declaratory and injunctive relief.

II.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2));

*see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

### A. **Insufficient Allegations**

Beyond naming him as a Defendant, Plaintiff does not provide any allegations against Defendant Pandya in the body of his complaint. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal

involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries"). Because Plaintiff's claims fall far short of the minimal pleading standards under FED. R. CIV. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"), his complaint must be dismissed against Defendant Pandya.

Moreover, Defendant Pandya is not liable for his role as a supervisor. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948.

In summary, Plaintiff fails to state a claim against Defendant Pandya.

B. **Service**

The Court finds that Plaintiff's allegations against Defendants Hammond, Schultz, Jones, Owen and Collier are sufficient to state a claim.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Pandya will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against the Defendants Hammond, Schultz, Jones, Owen and Collier.

An Order consistent with this Opinion will be entered.


Dated:   July 13, 2012              /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE