UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GIOVANNA MONET SINE,

    Plaintiff,

Case No. 1:12-cv-344

Hon. Robert J. Jonker

v.

HARESH PANDYA, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is now before the court on motions for summary judgment filed by defendants David Collier, Alison Jones and Michelle Schultz (docket no. 15) and defendant Donna J. Owen (docket no. 23). The motions are unopposed.

    **I.**    **Plaintiff's complaint**

Plaintiff commenced this action by filing a five-page civil rights complaint. *See* Compl.(docket no. 1). The court previously addressed his complaint as follows:

> Plaintiff presently is incarcerated at the Bellamy Creek Correctional Facility but complains of events that occurred at "MRI Correctional Facility, Ionia," G. Robert Cotton Correctional Facility and Parnall Correctional Facility. [FN 1] (Compl., docket #1, Page ID#4.) In his *pro se* complaint, Plaintiff sues Regional Medical Officer Haresh Pandya, Pyschologists/Psychiatrists Valerie Hammond, Alison Jones and Unknown Collier, and Nurses Donna Owen and Michelle Schultz.
>
> Plaintiff, a male prisoner, complains that he was wrongly classified with a Gender Identity Disorder under Michigan Department of Corrections (MDOC) Policy Directive 04.06.184 (effective Dec. 20, 2010). [FN 2] Plaintiff specifically alleges the following (verbatim):
>
> > I have been subjected to long-term isolation, confinement, housed in protective custody for 23 hours of isolation, weight loss,

anxiety, depression, harassment, crossgender patdowns, sexual harassment, unnecessary strip searches, prurient viewing; shower and strip search incidents, discrimination against sex, gender identity, sexual orientation, disability, size and/or characteristics. The isolation and idleness of G.I.D combined with the squalor, poor hygiene, temperatures, sexual harassment, hate speech from civil servants and noise of extremely psychotic prisoners has created an environment 'toxic' to my physical and mental health, suicide thoughts, weight loss, anxiety-depression, hopelessness. From the beginning of my incarceration at RGC reception center in Jackson, M.I., I clearly insisted to all medical personnel like Psych. Mr. Collier, RN Michelle L. Schultz, RN Donna J. Owen, Psych. Allison Jones and Psych. Valerie Hammond, that I have been an entertainer, female impersonator, drag queen-show girl as a career/job that is a few hours on the weekends at bars and clubs in Las Vegas and Phoenix, AZ. Professional medical officials should know the difference between "Transgender/Transexual" and "Drag queen/female impersonator." I have been classified as G.I.D., and forced to abide by the G.I.D. policy 04.06.184 along with its hurtful and harmful accommodations: bra, single-cell (isolation) - protective custody. I never participated in the creation of policy 04.06.184, I never asked for the imposements of the accommodations. Policy 04.06.184 states: "generally" single-cell housing. I do not struggle with a gender identity or role. I am a male in a man's prison. I do not have breasts nor am I on hormone therapy.

> [FN 1] The MDOC does not list an "MRI Correctional Facility" in Ionia County. Because Plaintiff lists Defendant Valerie Hammond from Bellamy Creek Correctional Facility (IBC) in Ionia County, the Court assumes that Plaintiff is referring to IBC [.]
>
> [FN 2] Plaintiff is listed as a male prisoner on the Michigan Department of Corrections' website[.]

Opinion at pp. 1-2 (docket no. 9). Plaintiff requests declaratory and injunctive relief. *Id.* In screening plaintiff's complaint pursuant to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, the court dismissed defendant Pandya for failure to state a claim. *Id.* at p. 6. The court found that plaintiff's allegations were sufficient to state a claim against defendants Hammond,

Schultz, Jones, Owen and Collier. *Id.* at p. 6. The court, however, did not specify the nature of those claims. *Id.*

Defendants Collier, Jones, Schultz and Owen have moved for summary judgment on the ground that plaintiff failed to exhaust his administrative remedies. The other remaining defendant, Valerie Hammond has not yet been served in this action. *See* Unexecuted Waiver of Service (docket no. 19).

## II. Defendants' motions for summary judgment

### A. Legal standard

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

Here, defendants' motions are unopposed. "The fact that there has been no response to a summary judgment motion does not, of course, mean that the motion is to be granted automatically." *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996). The trial court is required to "intelligently and carefully review the legitimacy of such unresponded-to motion" and cannot "blithely accept the conclusions argued in the motion." *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 407 (6th Cir. 1992). However, when a motion for summary judgment is unopposed, "[n]othing in either the Rules or case law supports an argument that the trial court must conduct its own probing investigation of the record" to demonstrate the existence of genuine issues of material fact. *Id.* at 405.

### B. Failure to Exhaust

#### 1. Exhaustion requirement

The Prison Litigation Reform Act of 1995 (PLRA), 42 U.S.C. § 1997e, provides that a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must first exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). A prisoner must exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741. One reason for creating prisoner grievance procedures under the PLRA was to create an administrative record for the court.

> Requiring exhaustion allows prison officials an opportunity to resolve disputes concerning the exercise of their responsibilities before being haled into court. This has the potential to reduce the number of inmate suits, and also to improve the quality of suits that are filed by producing a useful administrative record.

*Jones v. Bock*, 549 U.S. 199, 204 (2007). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Id.* at 218; *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218.

#### 2. MDOC Grievance process

The MDOC requires prisoners to follow a three-step process to exhaust grievances. *See* Policy Directive 03.02.130 (effective July 9, 2007). A prisoner must first attempt to resolve a problem with the staff member within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If the issue is not resolved, then the grievant may file a Step I grievance on the prescribed form within five business days after

the grievant attempted to resolve the issue with appropriate staff. *Id.* at ¶¶ P and R. The Policy Directive provides the following directions for completing grievance forms:

> The issues shall be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

*Id.* at ¶ R (emphasis in original). The prisoner must send the Step I grievance to the appropriate grievance coordinator. *Id.* at ¶ V. If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he must request the appropriate form and send it to the Step II Grievance Coordinator. *Id.* at ¶ BB. Finally, if a prisoner is dissatisfied with the Step II response, or does not receive a timely response, he must send a completed Step III grievance, using the appropriate form, to the Grievance and Appeals Section. *Id.* at ¶ FF.

### 3. Plaintiff's grievances

Plaintiff filed this action on April 10, 2012. *See* Compl. (docket no. 1). Defendants have identified 19 grievances filed by plaintiff which were resolved through Step III from May 2009 through August 20, 2012. *See* MDOC Prisoner Step III Grievance Report (docket no. 16-3).[1] Unfortunately, plaintiff had exhausted only one of these grievances through Step III, IBC 11-05-1342-12E2 ("1342") prior to filing this lawsuit. *See* Grievance 1342 (docket no. 13-4). The remaining 18 grievances were not exhausted until after plaintiff filed this action. *See* MDOC Prisoner Step III Grievance Report.[2] The PLRA provides that "No action shall be brought with

---

[1] The court notes that plaintiff did not object to this evidence. *See* Fed. R. Civ. P. 56(c)(2) ("[a] party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence").

[2] These 18 grievances were: IBC-11-04-0865-17a; IBC-11-04-0864-17a; IBC 12-05-1255-28l; IBC 12-04-1016-19d; IBC 12-04-1196-28b; IBC 12-04-1017-27a; IBC 12-03-0916-27a; IBC 12-03-0873-28i; IBC 12-03-0854-17a; IBC 11-09-2691-28a; IBC 11-12-3712-17z; IBC 11-12-3711-17a; IBC 11-12-3710-

respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Thus, a prisoner "may not exhaust administrative remedies during the pendency of the federal suit." *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir.1999). Based on the uncontested record, Grievance 1342 is the only grievance which plaintiff exhausted prior to filing this action.

### 4. Grievance 1342

The issue raised in Greivance 1342 involved "removing a G.I.D. misdiagnosis by psych. Mr. Collier at RGC upon entry." Grievance 1342. Contrary to the requirements of Policy Directive 03.02.130 ¶ R, this grievance did not name defendants Jones, Schultz or Owen. For this reason, plaintiff has not properly exhausted a claim against these three defendants. In addition, plaintiff's Step III appeal of his claim against defendant Collier was rejected as untimely. *Id.* ("[t]he grievant's Step III appeal was to be received by 8/12/2011, however it was not received until 11/30/2011"). Based on this record, plaintiff did not properly exhaust a grievance against defendant Collier. *Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90-91. Accordingly, defendants' motions for summary judgment should be granted.

### III. Defendant Valerie Hammond

As discussed, defendant Hammond has not been served with a summons and complaint in this matter. Nevertheless, under the circumstances of this case, defendant Hammond should be granted summary judgment on the same grounds as the movants. "Summary judgment

---

17a; IBC 12-01-0194-17a; IBC 12-01-0061-17c; IBC 11-12-3697-17a; IBC-12-01-0106-17a; and IBC 11-09-2690-28a. *See* MDOC Prisoner Step III Grievance Report.

may be properly entered in favor of unserved defendants where (1) the controlling issues would be the same as to the unserved defendants, (2) those issues have been briefed, and (3) [p]laintiff has been provided an opportunity to address the controlling issues." *Moore v. Thomas*, 653 F.Supp.2d 984, 1003 (N.D. Cal. 2009). "[N]o principle forbids a court to notice that [] a defense exists, is bound to be raised, and is certain to succeed when raised." *Buckley v. Fitzsimmons*, 20 F.3d 789, 793 (7th Cir.1994). *See Laubach v. Scibana*, No. CIV-05-1294-F, 2008 WL 281545 at *12 (W.D. Okla. Jan. 31, 2008) (meritorious affirmative defenses asserted by defendants were "equally applicable to the claims against the unresponsive and unserved defendants" and formed the basis to dismiss the unserved defendants pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)); *Blake v. McCormick*, No. 5:06-cv-273, 2007 WL 1671732 at *5 (E.D. Tex. June 8, 2007) (a successful affirmative defense of lack of exhaustion raised by defendants served in a prisoner civil rights case "inures to the benefit of any unserved or defaulting defendants"); *Day v. Office of Cook County Sheriff*, No. 2000 C 2529, 2001 WL 561362 at *3 (N.D. Ill. May 21, 2001) (defendant's meritorious defense of qualified immunity applied to other "yet-unserved defendants" who could raise the same defense). *Cf. Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001) ("[s]everal courts have held that where 'a defending party establishes that plaintiff has no cause of action . . . this defense generally inures also to the benefit of a defaulting defendant'") (quoting *United States v. Peerless Insurance Company*, 374 F.2d 942, 945 (4th Cir. 1967).

The controlling issue in defendants' pending motions for summary judgment is lack of exhaustion of administrative remedies. Defendants Collier, Jones, Schultz and Owen have presented uncontested evidence which established that plaintiff did not properly exhaust any grievance as to them prior to filing this lawsuit, indeed any grievance at all. The defense of lack of

8

exhaustion raised by these defendants inures to the benefit of defendant Hammond. This defense, which has been fully briefed, is applicable to plaintiff's claims against Hammond, is bound to be raised by Hammond, and for the reasons discussed in § II is certain to succeed when raised because plaintiff did not properly exhaust any grievance prior to filing this lawsuit. *See Buckley*, 20 F.3d at 793; *Moore*, 653 F.Supp.2d at 1003. *See e.g., Chambers v. Michigan*, No. 1:11-cv-24, 2012 WL 718931 at *7-*8 (W.D. Mich. Jan. 12, 2012), adopted in 2012 WL 718912 (W.D. Mich. March 5, 2012) (where plaintiff's lawsuit alleged that five defendants used excessive force against him on August 16, 2010, and four of the defendants were granted summary judgment for lack of exhaustion with respect to the incident, their successful defense inured to the benefit of the fifth unserved defendant who was allegedly involved in the same incident). Accordingly, the court should grant summary judgment in favor of defendant Hammond for lack of exhaustion.

**IV.     Recommendation**

For the reasons set forth above, I respectfully recommend that the motion for summary judgment filed by defendants David Collier, Alison Jones and Michelle Schultz (docket no. 15) and the motion for summary judgment filed by defendant Donna J. Owen (docket no. 23) be **GRANTED** for failure to exhaust administrative remedies.

I further recommend that the remaining unserved defendant, Valerie Hammond, be **GRANTED** summary judgment on the same grounds, and the action be **DISMISSED.**


Dated:  June 11, 2013                                                      /s/ Hugh W. Brenneman, Jr.
                                                                                        HUGH W. BRENNEMAN, JR.
                                                                                        United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).